## M. J. CUMMINGS ET AL. *v.* J. D. JOHNSON, ADM'R.

1. SUPREME COURT PRACTICE. *Administrator's sale of land. Record of order. Presumption of entry thereof.*

The purchaser of land at an administrator's sale resists a demand for payment of the purchase-money, on the ground that there was no valid order of sale, because the order was not entered on the minutes of the court, but is evidenced only by a paper found in the files of the administration, in the form of a decree signed by the clerk in vacation. The record presented here fails to disclose whether the order was spread upon the minutes of the court, and then signed by the clerk in vacation and approved by the court at its succeeding term, or was written on a separate paper and filed among the papers of the administration. *Held,* that in such a state of the record, this court, in support of the decree of the court below, must assume that such proceedings in the cause of the administration as were proper to be entered upon the minutes of the lower court were so entered.

2. ADMINISTRATOR'S SALE. *Homestead right. Purchaser must take notice thereof.*

The purchaser of land at an administrator's sale cannot avoid payment of the purchase-money on the ground that a part of the land sold had descended to the widow of the intestate and was not subject to administration. For, if by the sale the homestead right of the widow was defeated, the purchaser gets the whole tract of land and must pay for it; and, if the sale was ineffectual as to the alleged homestead, still he is liable for the full amount of the purchase price, because, the homestead right being in the nature of an outstanding title, he was bound to take notice thereof, under the rule, *caveat emptor.*

APPEAL from the Chancery Court of Pontotoc County.

HON. B. T. KIMBROUGH, Chancellor.

The case is stated in the opinion of the Court.

*J. A. Blair,* for the appellant.

This signed decree is nothing more than an unauthorized memoranda found among the papers, which the Supreme Court in the case of *Shackelford* v. *Levy,* 63 Miss., 127, says *cannot even in such case be considered.*

The most concerning and substantial question arising is *that* in reference to the *Homestead Exemption ;* a right founded

in *law* and *public policy*, both of which are here violated and totally disregarded.

Is the sale of the homestead exemption under the laws of this state by an administrator in an ordinary proceeding to sell land to pay debts valid, as against the widow of the decedent, and who is *non compos mentis?* in *favor* of such *administrator*.

In other words, as the question might be stated, can the *administrator* sell the lands of a *third* person, or sell lands to pay debts that descended absolutely exempt from all liability for debts? In our opinion such a sale is not only absolutely void, but as against the administrator *fraudulent*.

In *Birmingham* v. *Birmingham*, it is said the exempt property goes to the widow, etc., *utterly liberated from all liability to creditors:* p. 612.   On page 611 it is said : *"It constitutes no part of the decedent's estate for purposes of administration.* Language cannot be stronger or more conclusive. It is *no part* of the *estate* of the decedent *subject to administration* or division. It *descends directly* to and *vests* in the widow *by operation of law, absolutely* discharged from the debts or liabilities of the husband, etc."   38 Miss., p. 115.   It vests by *operation* of law, without any conditions, limitations or restrictions, and their title does not depend on the action of appraisers.   41 Miss., page 659.   Nor does it depend on the action of administrators.   *Meacham* v. *Edmonson* (54 Miss., p. 746) shows with what tenacity the homestead right is maintained.   It is contended that an administrator can suspend the operation of the law.   It must be admitted that at best this is a new proposition " under the sun."

The right of the creditor to take the real estate of the debtor in execution is a *statutory right,* and the liability of such property to a creditor's debts is altogether *statutory.*   How, then, can the homestead be made liable to debts when there is no statute making it so, but one *forbidding* it, and freeing it absolutely from such liability?   *Evans* v. *Fisher*, 41 Miss., page 664 ; 42 Miss., p. 450, *Stigler, Admin'r*, v. *Porter* ; 44 Miss., page 325, *Hollman* v. *Bennett.*

Section 1134, Code 1871, subjects lands to payment of debts at the hands of the administrator; but for this statute they would not be so.   But *what* lands are meant—the lands

subject to debts; not the exemption? See *Stigler* v. *Porter*, 42 Miss., page 451.

It is plain that the legal title descended to the widow unconditionally and according to the weight of authority she could not be divested of it by parol. *Kelly* v. *Wagner*, 61 M., 303. In this case there is no ground for estoppel. The administrator is the sole party interested. It might be far different if an innocent third party was concerned.

If the sale of the homestead is void, the entire sale is void. It must yet be laid off out of the entire body of this land sold, and it is uncertain and therefore unknown what portions of the land the purchaser has acquired by his purchase.

*Fontaine & Mitchell*, for the appellee.

The whole of the testimony for the defendants below is, like the defence set up, a collateral attack upon the decree of the Chancery Court ordering sale of the land, by showing that part of the land was the homestead, and exempt from sale. The question of the exemption has been fully settled and disposed of by the decree of the court ordering the sale, upon application of the administrator of Jo's. Betts, dec'd, to sell the land to pay debts. *Miller* v. *Sherry*, 2 Wall. U. S., 237 ; *Henderson* v. *Still*, 61 Miss., 391 ; Rorer on Judicial Sales, sec. 1434.

And so long as the decree remains in force unanswered, whether right or wrong, the decree is binding, and cannot be collaterally impeached. The court, in ordering the sale, had full and complete jurisdiction over both the subject matter and the parties. Acts, 1876, page 180.

The law in relation to sales of realty by administrators was in all things complied with ; the action of the clerk at Rules in ordering the sale was confirmed by the court; the sale was reported to and confirmed at the April term, 1883, of the Chancery Court. But, if the report of sale had not been made and confirmed by the court, this would not have invalidated the sale. *Johnson* v. *Cooper*, 56 Miss., 608.

The sale of the land under the decree is certainly good. *Christian* v. *O'Neal*, 46 Miss., 675 ; *McGoon* v. *Scales*, 9 Wall, U. S., 23.

And so long as the decree remains unrevised, whether

right or wrong, the sale will stand. *Miller* v. *Sherry*, 2 Wall. U. S., 237.

Cooper, C. J., delivered the opinion of the Court.

The bill in this cause is exhibited by the administrator of James Betts, who was administrator of Joseph Betts, and is against William Cummings, the purchaser at the administrator's sale of the lands of Joseph Betts and Martha J., his wife, to whom he has conveyed the lands so purchased. It charges that though James Betts reported to the court that Cummings had paid the purchase money in full, the truth is that no part thereof had been paid, and there is filed with the bill a note executed by the purchaser at the time of the sale for the amount of his bid. The purpose of the bill is to fix upon the lands in the hands of Mrs. Cummings (who is a volunteer) a lien for the purchase money in favor of the estate of James Betts, he having accounted to the estate of Joseph Betts therefor.

The defendant answers and defends the suit on the following grounds:

1. That the sale of the lands was void and conferred no title.

2. That James Betts, the administrator, intended the purchase price of said land as an advancement to his daughter, the defendant, Mrs. M. J. Cummings, and took the note of her husband, Wm. Cummings, the purchaser, as a mere memorandum of the amount so advanced and not as an evidence of debt.

3. An offset is interposed consisting of a claim against James Betts for care and attention bestowed by the defendants on the non compos Minnie Betts, widow of Joseph Betts, at the request of James Betts.

We dispose of the second and third defences by the simple statement that the evidence is insufficient to support them.

The sale of the land is said to have been invalid: 1. Because there was no valid order of sale. 2. Because the homestead of the intestate, Joseph Betts, was sold under the order when the same had descended to his widow Minnie, and was not subject to administration.

It is asserted by counsel for appellants that the order of the

clerk for the sale of the lands was not entered upon the minutes of the court, but is evidenced only by a paper found in the files of the administration in the form of a decree signed by the clerk in vacation, and it is insisted that such an order is insufficient to uphold the sale.

We decline to pass upon the question, of the sufficiency of an order of sale evidenced, as it is asserted this order is. We do not know from the record whether the order was spread upon the minutes of the court and signed there by the clerk in vacation, and approved by the court at its succeeding term, or was written upon a separate paper and filed among the papers. The note of evidence does not show what parts of the record are from the minutes of the court, and what from the files of the papers in the administration; there is no bill of exceptions giving us information on the subject, and in the absence thereof, we must in support of the order assume that such proceedings in the cause of the administration as were proper to be entered of record were so entered.

The defence that the notes given for the purchase-money cannot be enforced, because the sale was made of the whole tract of land, including the homestead, cannot avail.

If the court, proceeding in administration, had jurisdiction to determine whether the widow was entitled to the homestead, and, consequently, whether the whole tract should be sold, or only so much of it as remained after the allotment of the homestead, then its decree is conclusive against the right of the widow to claim the homestead right, on the familiar principle that a decree is conclusive not only of those things which actually were decided by it, but also of all things which under the pleadings might have been decided.

If, on the other hand, the court had no jurisdiction to pass upon the homestead claim, the defect in the title of the purchaser would not be in reference to any part of the estate which the administrator had power to sell under the law, and the rule of caveat emptor would apply and preclude the defence. The purchaser at an administrator's sale cannot defend against the payment of the purchase-money, upon the ground that a paramount title is outstanding in another, by reason of which his

purchase will be ineffective. It is only where he fails to get the title which is proposed. to be sold that he may defend against the purchase price; and a sale by an administrator only purports to be of so much of the estate as by law is made assets for the payment of debts.

If by the sale, therefore, the homestead right of the widow was defeated, the purchaser must pay the purchase price, because he gets the land. If the sale was ineffective to convey the homestead right, he is liable for the full amount of his bid, because the homestead right is in the nature of a paramount outstanding title, of which he should have taken notice at his peril.

*The decree is affirmed.*